# McCord & Aydelotte *v.* Tennille & Tate.

*Contest of Answer of Garnishees.*

1. *Transactions between partners; validity as against creditors.*—Where one partner buys out the interest of his co-partner, promising to pay the outstanding debts of the firm, but fails to do so; and afterwards, said

[McCord & Aydelotte v. Tennille & Tate.

debts remaining unpaid, and also some individual debts, he transfers his stock of goods, with outstanding notes and accounts, to his former partner and one of his individual creditors, in consideration of his indebtedness to them, and also of their promise to pay certain other specified debts; the adequacy of the consideration and the *bona fides* of the transaction being admitted, it will not be declared fraudulent in law at the instance of the other creditors.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

The appellants, McCord & Aydelotte, sued out an attachment against the estate of one E. A. Butler, which was executed by serving process of garnishment upon the appellees, Tennille & Tate. The appellees filed an answer denying indebtedness to said Butler, and the appellants controverted the answer; whereupon an issue was made up between them under the direction of the court. The facts are stated in the opinion. Upon these facts, the court, at the request in writing of appellees, charged the jury, that if they believed the evidence, they must find for the garnishees. The appellants excepted to this charge.

GARDNER & WILEY, for appellants.—So far as the consideration of the purchase was joint debts of Butler & Tate, the one being a seller and the other a buyer, the sale was fraudulent as to the individual creditors of Butler. When Tennille & Tate agreed to pay debts, which Tate himself was liable to pay, as to those debts there was no consideration for the purchase. It is true Tennille was not liable for any portion of the debts, but he can not avoid the effect of his association with Tate in the transaction. It is a fraud upon the individual creditors of one of two partners, who is insolvent, to apply all his individual property to pay partnership debts.

PARKS & SON, *contra*, cited *Rankin & Co. v. Vandiver & Co.,* 78 Ala. 562.

CLOPTON, J.—Appellants sued out an attachment against the estate of E. A. Butler, which was executed by serving process of garnishment on the appellees. The evidence discloses that Butler and Tate were formerly partners in the mercantile business. Butler purchased Tate's interest in the partnership, agreeing to pay him therefor about eleven hundred dollars, and to pay the outstanding debts of the firm. Butler carried on the business in his own name for about twelve months. He was also indebted to Tennille. Butler failed to pay the debts of Butler & Tate, and Ten-

nille & Tate purchased his stock of goods, notes and accounts, in consideration of the payment and satisfaction of his individual indebtedness due to them respectively, and their promise to pay specified debts of Butler & Tate. There is no controversy as to the honesty and amount of the indebtedness, or as to the adequacy and sufficiency of the consideration. The *bona fid s* of the transaction is admitted; but it is insisted that it is fraudulent in law.

The agreement of Butler to pay the debts of Butler & Tate as part of the purchase price of Tate's interest in the partnership was, as between him and Tate, a primary individual obligation to pay the debts, so as to discharge Tate from liability therefor, as binding as the promise to pay the purchase price in excess of the debts. On his failure to pay them within a reasonable time, or if Tate had paid them, he would have had a right of action founded on the promise made to him. Release from this liability, and the assumption of these debts by Tennille & Tate constitute, *pro tanto*, a valuable and valid consideration, in support of the contract for the sale of the goods. Though Tate was bound for the debts as partner, they were, as between him and Butler, the individual debts of Butler, which he was permitted to prefer; and it was lawful for him to sell his goods to Tennille & Tate, or any other person in consideration of a promise to pay the debts, the transaction being otherwise free from fraud. The court did not err in holding that the sale was not constructively fraudulent.

Affirmed.